612 F.Supp. 856 (1985)
Bill M. SLEICHTER, Plaintiff,
v.
MONSANTO COMPANY, Defendant.
No. 83-2338C(C).
United States District Court, E.D. Missouri.
June 24, 1985.
As Amended July 8, 1985.
*857 Sheldon Weinhas, St. Louis, Mo., for plaintiff.
Richard Sher, Richard Pautler, St. Louis, Mo., Arthur L. Smith, Washington, D.C., for defendant.

FINDINGS OF FACT & CONCLUSIONS OF LAW
MEREDITH, District Judge.
Prior to trial the parties made the following stipulations:
1. The plaintiff, Bill M. Sleichter, is a former employee of the defendant, Monsanto Company. The plaintiff was employed by the defendant continuously from March, 1957 to July 1, 1982, when the plaintiff retired.
2. Defendant is a Delaware corporation with its principal place of business in St. Louis County, Missouri. Monsanto Company is a publicly held, multi-national corporation involved in various facets of the chemical industry.
3. Plaintiff has resided in Crystal River, Florida since his retirement.
4. In 1981, plaintiff became eligible for voluntary retirement from Monsanto under a Monsanto retirement program known as Combo-80. Under the Combo-80 program, employees at least 55 years old, whose age and number of years of service equal or exceed 80, may elect to retire and receive certain pension benefits.
5. Since retiring on July 1, 1982, plaintiff has received Combo-80 retirement benefits, but has not received SIR benefits.
6. At no time during 1982 was the plaintiff employed in either Central Engineering Department ("CED") or Enviro-Chem.
7. On June 15, 1982, Monsanto Company announced the adoption of what was referred to as the Monsanto Company Special Incentive for Retirement Program for Central Engineering Department and Enviro-Chem.
8. Defendant had produced through discovery each of the 114 exhibits listed by plaintiff in his pretrial materials filed March 15, 1985 and plaintiff may introduce each such exhibit, excluding exhibits 4, 5, 30 and 76, without the need for authentication or identification. Defendant, however, reserved all other objections to such exhibits.
9. Plaintiff waived all objections to defendant's exhibits except that he retained the right to object on the grounds of relevancy and materiality.
10. Parties further stipulated that should this court determine that plaintiff is entitled to receive benefits under Monsanto's SIR program, the amount of such benefits would be $48,793.68.
*858 After consideration of the pleadings, the testimony, depositions, and exhibits introduced at trial, the credibility of the witnesses, the parties' supplemental briefs, and the applicable law, the court makes the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is adopted as such, and conversely, any conclusion of law equally applicable as a finding of fact is adopted as such.

Findings of Fact
1. Prior to July 1, 1982, plaintiff was an employee of Monsanto Company, serving as manager, Raw Materials Supply in the Facilities and Materials Division of the company. On July 1, 1982, the plaintiff, at age 57, retired.
2. Plaintiff retired under the Combo-80 program, part of a qualified pension plan subject to the provisions of ERISA. Monsanto Company was a plan sponsor and also acted as administrator of the Plan, as those terms are used in section 3(16) of ERISA.
3. Plaintiff's employment contract nominally required 90 days advance notice of retirement. Plaintiff submitted his notice, but was told by Monsanto personnel officials that he could withdraw his retirement notice or change retirement dates at any time, up until July 1, 1982.
4. In the spring of 1982, Monsanto officials conclude that as a result of depressed economic conditions in the chemical industry, it may have more salaried employees than it needed. Consequently, the company began to consider ways of reorganizing and reducing its work force.
5. In June, 1982, Monsanto adopted an early retirement incentive program for the employees of two divisions, CED and Enviro-Chem. Plaintiff was not employed in either division.
6. On June 15, 1982, this new early retirement incentive program for the two divisions was announced. The announcement further stated:
We have been studying the possible extension of similar programs to salaried employees in other units. Over the next few months, we will continue to consider future business conditions and staffing requirements of Monsanto Company and its various units.
7. Prior to June 15, 1982, after hearing several rumors, plaintiff made numerous inquiries concerning the possibility that such early retirement benefits may later become available to him. Plaintiff learned no definite information, but was told he could postpone his retirement.
8. Following the June 15 announcement plaintiff continued to make inquiries concerning new program possibilities, and was told that the only information available was that contained in the June 15 announcement.
9. Prior to July 1, 1982, Monsanto had considered adopting a special company-wide special retirement program, but at that time the company perceived significant impediments to such action (accounting treatment, cost, the "evergreen effect", and retaining key personnel).
10. On August 16, 1982, Herschel Sellers, Monsanto attorney and secretary of the Employee Benefits Plan Committee, sent a memorandum to Clarence Sweets, company director of personnel, suggesting three possible alternatives for the structure of a program which the company believed would avoid the "evergreen effect" and would allow Monsanto to amortize all or a portion of the plan's cost over thirty years rather than requiring Monsanto to expense the entire amount in 1982.
11. The structure of the corporate-wide early retirement plan was different than the CED and Enviro-Chem program adopted in June, before plaintiff's retirement.
12. On August 18, 1982, Sweets and other personnel recommended to the Executive Management Committee that Alternative "C" be adopted by the company. On August 23, 1982, the Executive Committee decided to recommend the adoption and on *859 September 8 of that same year, the Employee Benefits Plans Committee approved the adoption. On September 10, 1982, the Executive Committee of the Board of Directors adopted the Special Incentive Retirement Plan, known as "SIR".
13. The program, including a non-qualified plan coupled with an amendment to the existing pension plan, was to be funded from the corporate treasury. There was no use of funds earmarked for any other pension plan and specifically no reduction of any other retirement benefits available to any employees of the company as a result of the adoption of this plan.
14. The June 15 Monsanto announcement concerning the possible adoption of a corporate-wide plan was entirely accurate and not misleading.
15. At all times prior to July 1, 1982, defendant disclosed sufficient information to the plaintiff. Any further disclosure at that time may have been misleading, because of the precarious nature of the future of any corporate-wide early retirement plan.

Conclusions of Law
1. This claim is pursuant to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA).
2. This court has jurisdiction pursuant to section 502 of ERISA, 29 U.S.C. § 1132.
3. There is no evidence that there were any misrepresentations made to the plaintiff by the defendant.
4. It is clear under ERISA that Monsanto, like any other employer, may act in a dual role as plan sponsor and as administrator of an employee benefit plan. 29 U.S.C. § 1108(c)(3).
5. The court finds nothing in ERISA requiring disclosure to the plaintiff in advance of actual implementation of the plan. A plan administrator's duties with respect to providing information to plan participants are set out in 29 U.S.C. §§ 1102, 1104, and 1105 of ERISA. Nothing in these sections requires advance disclosure to employees of deliberations on the possible adoption of new benefits. See also Lehner v. Crane Co., 448 F.Supp. 1127, 1130-31 (E.D.Pa.1978); Molumby v. Shapleigh Hardware Co., 395 S.W.2d 221, 227 (Mo.Ct.App.1965).
6. The common law of fiduciary duties is incorporated into ERISA. Even under the common law, the duty of a trustee or fiduciary to provide information to a beneficiary is limited.
7. This court finds that on July 1, 1982, no plan or formulation for an early retirement plan existed at Monsanto. Such a plan as was later adopted was still in the formative stages with no certainty of implementation. Any further disclosure would have been a disservice to Monsanto employees.
8. Plaintiff has failed to prove that Monsanto misled him with respect to the status of deliberations concerning the adoption of the retirement plan, or that Monsanto had a duty to make disclosures to him concerning the status of those deliberations.
9. Accordingly, plaintiff is not entitled to the relief prayed for and judgment will be entered for the defendant, with costs taxed against the plaintiff.